```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESMAIN SIDDIQUA,

                    Plaintiff,           1:14-CV-0372
                                         (GTS/RFT)
v.

NEW YORK STATE DEPARTMENT OF HEALTH,

                    Defendant.
_____
```

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SMITH HOKE, PLLC<br> Counsel for Plaintiff<br>7 Southwoods Blvd., Suite 103<br>Albany, NY 12211 | JOHN J. HOKE, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br> Counsel for Defendant<br>The Capitol Albany, New York 12224-0341 | JUSTIN J. ENGEL, ESQ.<br>Assistant Attorney General |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently pending before the Court, in this employment civil rights action filed by Jesmain Siddiqua ("Plaintiff") against the New York State Department of Health ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.)  For the reasons set forth below, Defendant's motion is granted.

I.      **RELEVANT BACKGROUND**

   A.      **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Complaint alleges that, between approximately May 20, 2011, and April 5, 2012, Defendant disciplined Plaintiff, an Information Technology Specialist, and improperly terminated her employment, for taking a trip to Bangladesh to care for her sick mother between April 4, 2011, and May 20, 2011, after Plaintiff had requested and obtained prior permission to take such leave under the Family and Medical Leave Act ("FMLA"). (*See generally* Dkt. No. 1 [Plf.'s Compl.].) In addition, the Complaint alleges that Plaintiff grieved the discipline and termination under her union, the Public Employees Federation, but that, on April 5, 2012, an arbitrator "inexplicably held that Plaintiff's termination did not violate the Collective Bargaining Agreement between the Public Employees Federation and the New York State Department of Health." (Dkt. No. 1, ¶ 19.) Based on these factual allegations, Plaintiff's Complaint asserts two claims against Defendant: (1) a claim that the "Defendants interfered, restrained and denied Plaintiff her rights under 29 U.S.C. § 2611,[1] more specifically, interfering with her right to utilize FMLA qualified leave and terminating her as a result of the use of said leave"; and (2) a claim that the "Defendant retaliated against the Plaintiff for her exercise of her rights provided for under the FMLA." (*Id.*) Familiarity with these claims and factual allegations supporting them in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

---

[1]     While Plaintiff's Complaint alleges a violation under 29 U.S.C. § 2611, the Court notes that the alleged violation appears to arise under 29 U.S.C. § 2612.

### B. Parties' Briefing on Defendant's Motion

Generally, in support of its motion to dismiss, Defendant argues that Plaintiff's FMLA claims are barred by the doctrines of res judicata and collateral estoppel for the following four reasons: (1) the Court may consider the arbitration decision in question on a motion to dismiss for failure to state a claim because (a) the decision is a matter of public record, and (b) in any event, the decision was incorporated by reference into Plaintiff's Complaint; (2) arbitration awards have a preclusive effect in subsequent litigation, even if not judicially confirmed; (3) Plaintiff actively pursued her FMLA claims in arbitration and through an unsuccessful petition to vacate the arbitration award in New York State Supreme Court, and is therefore precluded from re-litigating them in federal court under the doctrine of res judicata and, in the alternative, under the doctrine of collateral estoppel; and (4) the Supreme Court case that barred arbitration of statutory discrimination claims has been abrogated by subsequent Supreme Court cases and no longer applies. (Dkt. No. 10, Attach. 1 [Def.'s Memo. of Law].)

Generally, in response, Plaintiff argues asserts two arguments: (1) the arbitration award has no preclusive effect because (a) under the Collective Bargaining Agreement, the arbitrator did not have the power to rule on statutory claims such as Plaintiff's FMLA claims, and (b) in any event, Plaintiff did not rely on the FMLA during the arbitration proceeding; and (2) even if the arbitrator had the power to decide Plaintiff's FMLA claims, he cannot be said to have decided those claims, because he did not conduct a proper FMLA analysis. (Dkt. No. 13.)

Generally, in reply, Defendant asserts three arguments: (1) Plaintiff's argument that the arbitrator did not have the power to rule on her FMLA claims does not address Defendants' reliance on the doctrine of collateral estoppel, which focuses on issues that were necessarily

decided, not claims that were or could have been presented; (2) because Plaintiff's argument in arbitration was that Defendant lacked just cause to terminate her because she was exercising her FMLA rights during her absence from work, the primary issue addressed at the arbitration was whether Plaintiff's termination violated the FMLA; and (3) moreover, Plaintiff's argument that the arbitrator did not conduct the *McDonnell Douglas* burden-shifting analysis is flawed because there was no need to conduct such an analysis given that the arbitrator found that Plaintiff never established a prima facie case of interference or retaliation under the FMLA due to the lack of adequate notice of her intent to take FMLA leave (which finding precludes both her interference and retaliation claims). (Dkt. No. 16.)

## II.     GOVERNING LEGAL STANDARDS

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

4

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

6

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

Finally, a few words are appropriate regarding what documents are considered on a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. *LeBarron v. Warren Cnty. Sheriff's Office*, 13-CV-1572, 2015 WL 2248749, at *8, n.6 (N.D.N.Y. May 13, 2015) (collecting authorities.[2]

---

[2] *See also Faconti v. Potter*, 242 F. App'x 775 (2d Cir.2007), *aff'g, Faconti v. Henderson*, 01-CV-2600, Memorandum & Order, at 7-8 (E.D.N.Y. filed Aug. 29, 2006) (dismissing claims based on *res judicata* pursuant to Fed. R. Civ. P. 12[c] because, "[h]ere, the court relies on the pleadings, documents incorporated by reference, and matters of which the court takes judicial notice") [emphasis added]; *Stringer v. Liinve*, 92 F. App'x 818 (2d Cir.2004), *aff'g,* 02-CV-0997, Decision and Order, at *4-5 (N.D.N.Y. filed May 30, 2003) (McAvoy, J.) (dismissing claims based on alternative ground of *res judicata* pursuant to Fed. R. Civ. P. 12[c] because the plaintiff's complaint referenced the prior state court foreclosure proceeding of which he was complaining); *Mennella v. Office of Court Admin.*, No. 97-7811, 1998 U.S. App. LEXIS 22041 (2d Cir.1988), *aff'g*, 938 F. Supp. 128, 130-31 (E.D.N.Y.1996) (dismissing claims based on *res judicata* pursuant to Fed. R. Civ. P. 12[c] because the plaintiff's complaint referenced the prior state court proceeding of which he was partially complaining); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P. C.*, 701 F. Supp. 2d 340, 345, 351-52 (S.D.N.Y.2010) (dismissing

**III. ANALYSIS**

After carefully considering the matter, the Court accepts each of Defendant's arguments for dismissal for the reasons stated in its memoranda of law. To those reasons, the Court adds three points.

First, in her opposition papers, Plaintiff does not take issue with the accuracy of the arbitration decision adduced by Defendant in its motion to dismiss. (*See generally* Dkt. No. 13.) As a result, the Court finds that the arbitration decision, which is referenced in Paragraph 19 of Plaintiff's Complaint, may be properly construed as part of the Complaint, for purposes of Defendant's motion. *See, supra*, Part II of this Decision and Order (setting forth the standard on a motion to dismiss). In the alternative, the Court finds that both the arbitration decision and the Supreme Court's decision may be properly considered on Defendant's motion as both integral to the Complaint and documents of which the Court may take judicial notice *Id.*

Second, in finding that the arbitration decision has preclusive effect, the Court relies on, *inter alia*, the following facts: (1) the fact that, in the arbitration proceeding, Plaintiff relied exclusively on her alleged compliance with the FMLA as part of her defense to the charge of

---

claims based on alternative ground of *res judicata* pursuant to Fed. R. Civ. P. 12[c] because the plaintiffs' complaint referenced the prior state court proceeding of which they were partially complaining); *Pantoja v. Scott*, 96-CV-8593, 2001 WL 1313358, at *2, 5-9 (S.D.N.Y. Oct. 26, 2001) (considering prior decision, "annexed to the Answer," and determining that decision had barred plaintiff, based on "principles of res judicata and collateral estoppel[,] from pursuing his present Fair Housing Act claim against Kiska"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 732 F. Supp. 2d 389, 403 (S.D.N.Y. 2010) (noting that, on a motion to dismiss, the court can take judicial notice of prior proceedings for the purpose of considering whether collateral estoppel bars the plaintiff's claims); *Candelaria v. Erickson*, 01-CV-8594, 2007 U.S. Dist. LEXIS 45549, at *6 (S.D.N.Y. June 18, 2007) ("Here, the Court will take judicial notice of Plaintiff's complaint filed [in a prior action in this District], . . . the related Stipulation and Order of Discontinuance, . . . . and the . . . Judgment Dismissing the Action with prejudice . . . , because they are public documents in an official judicial proceeding.").

being absent from work without authorization; (2) the fact that, at the arbitration proceeding, Plaintiff had the opportunity to introduce documentary evidence, testify on her own behalf, cross-examine adverse witnesses, and submit post-hearing briefs; and (3) the fact that the 19-page arbitration decision, in addition to expressly mentioning the "FMLA" at least 40 times, specifically and repeatedly found that Plaintiff never gave adequate notice of her intent to take leave for purposes of the FMLA (which finding precludes certain elements of both a claim for interference and a claim for retaliation under the FMLA, as explained by Defendant). (Dkt. No. 10, Attach. 3.)[3]

Third, in addition to relying on the preclusive effect of the arbitration decision, the Court relies on the preclusive effect of the New York State Supreme Court decision, which, in considering the "interest of justice" standard that governs a request for an extension of a service deadline, found that Plaintiff's challenge to the arbitration award is not meritorious. (Dkt. No. 10, Attach. 4.) More specifically, the state court judge rejected Plaintiff's argument that the arbitrator was biased, did not properly credit her evidence or testimony, and was not "well-acquainted with the Family Medical Leave Act." *(Id.)*

For all of these reasons, the Court grants Defendant's motion.

---

[3] Generally, under New York law, the doctrine of collateral estoppel (or issue preclusion) has two essential elements: (1) "the identical issue necessarily must have been decided in the prior action and be decisive of the present action"; and (2) "the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007). Generally, under New York law, the doctrine of res judicata (or claim preclusion) has three elements: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Murtaugh v. New York*, 810 F. Supp. 2d 446, 485 (N.D.N.Y. 2011) (Suddaby, J.) (internal quotation marks omitted).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED.** The Clerk is directed to enter judgment in favor of the Defendant and close this case.

Dated: July 23, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge